ANDREW G. BRIGGS & another, trustees, *vs.* REUBEN H. WADE & others.

Suffolk.    March 26.— April 15, 1878.    AMES, MORTON & ENDICOTT, JJ., absent.

A testator, by his will, gave the residue of his estate to trustees to pay out of the net income thereof a certain sum each to his sister and widow during their lives; one third of the balance of such net income to his son A.; and the remainder of such balance, share and share alike, to his two minor children.  The will then provided for the final payment, subject to the rights of the sister, widow and A., of the principal of the trust fund to such minor children or their issue, or, in a certain event, to the survivor of them, and, in case both should die at the same time, each intestate and without issue then living, "to my legal heirs, the same as if they then inherited the same from me; but with this exception and provision, that neither my son A., nor his issue, executors, administrators or assigns, by will or otherwise, shall have or enjoy any part thereof either by virtue of this will or by inheritance; it being my intention in making this will that the provision hereinbefore made for an income in his behalf during his life shall be all that he shall enjoy out of my estate in any event whatever."  *Held,* that A., after the death of the widow in the lifetime of the minor children, was entitled to one third of her share of the net income.

SOULE, J.   This is a bill in equity by the trustees named in the fourth clause of the will of Reuben S. Wade, for instructions as to the true interpretation of the provisions relating to the disposal of the income of the trust fund.

In the first three clauses of the will, the testator provided for certain payments, and gave his dwelling-house with the furni-

ture, &c., and the sum of twenty thousand dollars, to his wife, her heirs, executors and assigns.

By the fourth clause he gave the residue of his estate, real and personal, to the plaintiffs, with power to sell real estate and to invest and reinvest the proceeds and the personal property, in trust to pay the net income as follows: to pay Mary D. Robbins, the testator's sister, out of the same, sixty dollars per month during her natural life; to pay to the testator's widow during her natural life a sum equal to one third part of the net income of the real estate of the testator not specifically devised to her; to pay one third of the balance of the net income to Reuben H. Wade, a son of the testator, during his life, with a discretionary power under certain circumstances to withhold the same, which is of no importance in this case; and to pay the remainder of the balance of said net income, share and share alike, to Almira C. Wade and Winthrop H. Wade, minor children of the testator. The will then makes provision for payment of portions of the principal of the trust fund to Almira and to Winthrop H. in certain contingencies from time to time, and for a final payment of the whole of it to Almira and Winthrop H., or their issue; and, in case either of the two should die before arriving at full age, without issue, or afterward intestate without issue, to the survivor. But these provisions are all made subject to the rights of the testator's widow, sister and son, Reuben H., to the income, under the earlier provisions of the will. The will then provides that if both Almira and Winthrop H. shall die at the same time, each intestate and without issue then living, the trust fund shall go, subject as aforesaid, " to my legal heirs, the same as if they then inherited the same from me; but with this exception and provision, that neither my son, Reuben H. Wade, nor his issue, executors, administrators or assigns, by will or otherwise, shall have or enjoy any part thereof either by virtue of this will or by inheritance. It being my intention in making this will that the provision hereinbefore made for an income during his life shall be all that he shall enjoy out of my estate in any event whatever."

The three children above named are still living. The wife of the testator survived him, and died in July, 1877. It is contended by Reuben H. Wade that that part of the income of the

trust fund which was enjoyed by the testator's widow, ought to be paid in equal shares to the three children. Almira and Winthrop H. maintain that they are entitled to it in equal shares, to the exclusion of Reuben H.

It is clear that the testator intended that the whole net income of the trust fund should be paid to the beneficiaries, and not permitted to accumulate. The children were to be paid each one third of the balance of the net income after the charge in favor of the sister and widow had been satisfied. At the death of the widow, the income remained charged with the trust in favor of the sister, and was then payable to the children equally. No discrimination is made against Reuben in the division. He is to have one third " of the balance," after satisfying the prior charges. Almira and Winthrop H. are to have the remainder of the " said balance," after satisfying the charge in favor of Reuben H. The subsequent provision, declaring that Reuben H. is to take nothing, either under the will or by inheritance, beyond the provision in his behalf for income, does not affect this matter. He is entitled to one third of that part of the income which would have gone to the widow, if living, under and by virtue of the provision as to income, not in addition thereto. The provision excluding him from any further benefit relates to the division of the principal fund, with which this cause has no concern. It is to be observed, however, that the same discretion is in the trustees as to the payment to him of the part of the income in question here, which they have as to the payment of that part which was payable to him before the death of the widow of the testator.                 *Decree accordingly.*

N. *Morse*, for Almira C. Wade and Winthrop H. Wade.

J. H. *Bradley*, for Reuben H. Wade.